**GREYHOUND LINES, INC., a corporation, Respondent,**

v.

**STATE TAX COMMISSION; Hunter Phillips, et al., Appellants.**

**No. 53815.**

Supreme Court of Missouri, Division No. 1.

May 12, 1969.

**700**

Thomas M. Sullivan, Edward L. Fitzgerald, Downey, Sullivan, McCormick & Fitzgerald, Kansas City, for respondent.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellants.

WELBORN, Commissioner.

Appeal by State Tax Commission from judgment of Jackson County Circuit Court, setting aside order of Commission assessing taxable personal property of Grey-

hound Lines, Inc., in Jackson County at $350,000 for the year 1967.

Greyhound Lines, Inc., returned to Jackson County assessor for the year 1967 personal property of value of $22,430. The principal business of Greyhound is the operation of a motor bus system on the highways of Missouri and other states. No motor buses were returned as taxable in Jackson County.

The Jackson County Board of Equalization subsequently adjusted the assessed valuation of Greyhound's property from $22,430 to $500,000. The record before us is devoid of any information as to the basis of the action of the board of equalization. Greyhound appealed the order of the board of equalization to the State Tax Commission. A hearing was held before the commission at which the Jackson County assessor and his deputy testified. The deputy in charge of the Greyhound assessment testified that he had made no investigation as to the number of Greyhound buses in Jackson County and had no idea of the number of Greyhound buses scheduled through Jackson County daily. The assessor testified that he was a member of the board of equalization which adjusted the Greyhound assessment. He was not examined as to the basis for the board's action. The assessing officials' records showed no taxes paid on buses in Jackson County by Greyhound for the years 1963 to 1966, inclusive.

Except for an employee of the assessor's office whose testimony was without significance, the only other witness before the commission was Greyhound's superintendent in Kansas City, Missouri, Mr. Howard Young. The commission's findings of fact, with the exceptions noted below, fairly summarize Mr. Young's testimony, as follows:

"9. Mr. Howard Young, Superintendent of Greyhound Bus Lines, Inc., testified that Greyhound busses load and unload passengers in the State of Missouri, that

said busses were engaged in both intra-state and inter-state business.

"10. He further testified that 316 busses are in a pool located in Kansas City, Jackson County, Missouri, known as Pool No. 2. [This statement is inaccurate. The witness testified that Greyhound separates the buses used in its nationwide operation into five pools and that the buses operating through Kansas City are assigned to Pool No. 2, which covers 19 states. There was no evidence of location of the 'pool' in Kansas City.] That on January 1, 1967, there were 40 busses in Kansas City, Missouri, and that in addition to the 40 busses which are evidenced by Petitioner's Exhibit No. 2, there were 14 busses going in and out of Kansas City making a total of 54 busses.

"11. He further testified in the affirmative in response to a question that there were 89 drivers stationed here in Kansas City, and testified to his estimate an ordinary bus cost around $50,000.00. He testified that there has been no taxes paid on busses operated by Greyhound Bus Lines in 1966, 1965, 1964 and 1963.

"12. Mr. Sullivan, attorney for petitioner, stated to the Chairman 'Let's make a record on that. You are talking about a figure that paper shows. It shows 143 busses which I gave you as being the busses in Missouri on January 1, 1967 * * *'

"13. Testimony and petitioner's Exhibit 5 indicate that the cost of busses in the State of Missouri on January 1, 1967, was $5,317,936.00 and had a net book value of $2,592,797.00."

The commission also made conclusions of law, in which they recited the presumption of validity of assessment by local assessment officers, the power of the commission to judge the credibility of witnesses before it; the impossibility of arriving at an exact value of tangible personal property, the right and duty of the commission to inquire into the location and as-sessment of all property in Missouri and the right of the commission to act upon its own knowledge of the facts.

The fifth paragraph of the commission's conclusions of law analogizes the case before it with that decided by the Supreme Court of Texas, Greyhound Lines, Inc. v. Board of Equalization for the City of Fort Worth, et al., 419 S.W.2d 345, in which the court held that buses operated in interstate commerce in Texas had acquired a situs in the City of Fort Worth sufficient to permit the city to assess the buses for personal property taxation, according to a mileage formula devised by the city assessing officer.

Then follows the order of the commission:

"It appearing from all the competent and substantial evidence of record, that the petitioner's personal property was in allwise lawfully assessed, the Commission orders that the correct assessment of petitioners property should be $350,000.00."

On this appeal, the attorney general, on behalf of the commission, acknowledges the inadequacy of the commission's findings, because of the absence of any finding as to the number of buses based in Kansas City and the assessed value of such buses. However, the attorney general contends that the trial court had no authority to set aside the commission's order and order the reinstatement of the original assessment for Greyhound. According to the appellant, the record would support a finding that buses were based in Jackson County under § 137.095, RSMo 1967 Supp., and therefore the court was required to remand the cause to the commission to make proper findings, based upon such evidence.

■ As the appellant points out, there are potentially two problems in this case. The first is whether or not the Greyhound buses had acquired a taxable situs in the State of Missouri so as to permit their ad valorem taxation by Missouri taxing authorities. That problem arises from the

admitted interstate operation of Greyhound. There is no doubt that a state may subject the movable personal property of interstate carriers to ad valorem taxation, but a state may not, in so doing, unduly burden interstate commerce. Marye v. Baltimore & Ohio R. Co., 127 U.S. 117, 123–124, 8 S.Ct. 1037, 32 L.Ed. 94; Braniff Airways, Inc. v. Nebraska State Board of Equalization and Assessment, 347 U.S. 590, 597–598, 74 S.Ct. 757, 98 L.Ed. 967. Accordingly, various formulas and methods for allocation of the fair proportion of this value of a carrier's movable personal property to a particular state have been devised. Missouri has a so-called mileage formula for the valuation of railroad rolling stock. Section 151.060(3), RSMo 1959, V.A.M.S. See C. B. & Q. R. Co. v. State Tax Comm., Mo.Sup., 436 S.W.2d 650; Norfolk & Western Ry. Co. v. Missouri State Tax Comm., 390 U.S. 317, 88 S.Ct. 995, 19 L.Ed.2d 1201. A similar formula for the valuation of airline equipment has been enacted by the legislature. Chapter 155, RSMo 1959, V.A.M.S. See United Air Lines, Inc. v. State Tax Comm., Mo. Sup., 377 S.W.2d 444; Delta Air Lines, Inc. v. Missouri State Tax Comm., Mo.Sup., 378 S.W.2d 515.

As the commission acknowledges, the legislature had not made a similar provision for the taxation of property of interstate bus companies. The commission's reference in its conclusions of law to the Texas Supreme Court's decision in the case of Greyhound Lines, Inc. v. Board of Equalization for the City of Fort Worth, et al., supra, was apparently an attempt to justify the commission's following some unspecified formula in arriving at its order in the present case. Whether or not, in the absence of statutory sanction, the commission would be authorized to devise a method of allocating the proper Missouri taxable portion of the Greyhound property, we do not determine, in view of the admitted second problem presented in this case.

The second problem is whether, on the record before it, the commission could find that buses of Greyhound were taxable in Jackson County. The commission acknowledges that § 137.095 provides the method for determination of when any taxable property of Greyhound may be subjected to assessment and taxation.

Section 137.095, RSMo 1967 Supp., V.A. M.S., reads as follows:

"1. The real and tangible personal property of all corporations operating in any county in the State of Missouri and in the city of St. Louis, and subject to assessment by county or township assessors, shall be assessed and taxed in the county in which the property is situated on the first day of January of the year for which the taxes are assessed and every general or business corporation having or owning tangible personal property on the first day of January in each year, which is situated in any other county than the one in which the corporation is located, shall make return to the assessor of the county or township where the property is situated, in the same manner as other tangible personal property is required by law to be returned, except that all motor vehicles which are the property of the corporation and which are subject to regulation under Chapter 390, RSMo, shall be assessed for tax purposes in the county in which the motor vehicles are based.

"2. For the purposes of subsection 1 of this section, the term 'based' means the place where the vehicle is most frequently dispatched, garaged, serviced, maintained, operated or otherwise controlled."

The vehicles of Greyhound are subject to regulation under Chapter 390, RSMo (Regulation of Motor Carriers), and therefore subparagraph 2 is here applicable.

■ The basic argument of the appellant here is that the commission should be permitted, on the evidence before it, to determine the number of Greyhound buses which are "most frequently dispatched, garaged, serviced, maintained, operated or otherwise controlled." However, appellant

points to no evidence in this record upon which such a determination might properly be made. Appellant acknowledges that "the facts were developed about as fully as possible." Basically appellant's argument is that if the commission is not to be permitted to make the finding which appellant says it should be permitted to make, respondent will escape taxation of its buses in Missouri. That argument does not excuse the complete lack of evidence in the record which would support the necessary finding of the commission if Greyhound's buses are to be taxed in Jackson County. The evidence before the commission showed that Greyhound buses are also dispatched, garaged, serviced and maintained in St. Louis. What if anything is done by St. Louis taxing authorities is not shown. The record before the commission does not authorize a finding that Greyhound's buses are taxable in Jackson County. Therefore, the order of the commission is unsupported by evidence and the circuit court properly set it aside. Koplar, et al. v. State Tax Commission, et al., Mo.Sup., 321 S.W.2d 686.

Inasmuch as the record before the commission afforded no basis for the assessment of Greyhound's buses in Jackson County, the only evidence in the record as to the assessed value of Greyhound's Jackson County property was its originally returned value of $22,430. The valuation of the property actually returned was not at issue before the commission. Therefore, the court did not substitute its discretion for that of the commission. The court's judgment merely reinstated the original assessment.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM: The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.